### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EFRAIN SANCHEZ, | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:21-0984** |
| | : | **(JUDGE MANNION)** |
| v. | : | |
| UNIT MANAGER GIPE, et al., | : | |
| **Defendants** | : | |

### MEMORANDUM

Plaintiff Efrain Sanchez ("Sanchez"), an inmate in federal custody, filed the instant *pro se* lawsuit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He alleges that numerous prison officials at the Federal Correctional Institution, Schuylkill, ("FCI Schuylkill"), in Minersville, Pennsylvania, violated his constitutional rights while he was incarcerated there. Presently pending is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which Sanchez has failed to oppose. For the following reasons, the Court must grant Defendants' Rule 56 motion.

### I. BACKGROUND

During all times relevant to this lawsuit, Sanchez was incarcerated at FCI Schuylkill. (Doc. 1 ¶ 2; Doc. 22 ¶ 1). The approximate time period at issue in this case is a four-day span from May 11 to May 14, 2021. (See

Doc. 1 ¶¶ 26-33). Sanchez appears to allege that, during this time, Defendants violated his Eighth Amendment rights through use of excessive force, failure to protect, unconstitutional conditions of confinement, and deliberate indifference to serious medical needs. (See id.). He claims that several officers physically assaulted him, that he was kept in restraints that were too tight for 20 hours, that several officers ignored his pleas for help while witnessing his mistreatment, and that the medical care he was provided was constitutionally inadequate. (Id.). Sanchez names the following eight defendants in this action: Unit Manager Gipe, Officer Aleman, Officer O'Keefe, Officer Lieu, Officer Heisler, Officer Kratovich, Nurse Fisher, and Medical Administrator Brosious.[1] (Doc. 1 ¶¶ 3-10).

Defendants move for summary judgment on all claims, (Doc. 20), and have contemporaneously provided their statement of material facts as required by Local Rule of Court 56.1, (Doc. 22). Sanchez has not responded

---

[1] Sanchez also listed "Unknown Agents" in his caption, (see Doc. 1 at 1), but did not include any allegations against these John Doe or Jane Doe defendants in the body of his complaint, (see generally, Doc. 1). This lack of personal involvement requires dismissal of the unidentified defendants pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Sanchez also failed to identify these unnamed defendants through discovery and to serve them, and therefore dismissal is likewise required under Federal Rule of Civil Procedure 4(m).

at all to Defendants' Rule 56 motion. The time for briefing has passed; thus, Defendants' motion for summary judgment is ripe for disposition.

## II. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Thus, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual dispute exists. Anderson, 477 U.S. at 248. Rather, the nonmovant "must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that

an adverse party cannot produce admissible evidence to support the fact."

FED. R. CIV. P. 56(c)(1)(A)-(B).

In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party. Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d Cir. 2017) (quoting Berkeley Inv. Grp. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)).

## III. DISCUSSION

Defendants move for summary judgment on all claims. They argue that Sanchez has failed to exhaust his administrative remedies as to any claim in his complaint. Because Sanchez has provided no response, the Court is constrained to grant Defendants' Rule 56 motion.

- 4 -

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1997e *et seq.*, requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations. See 42 U.S.C. §1997e(a); Ross v. Blake, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted). Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages— that cannot be granted by the administrative system. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Failure to properly exhaust generally results in the claim being procedurally defaulted. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Woodford, 548 U.S. at 90-91.

The federal Bureau of Prisons ("BOP") has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden (step one), appeal with the Regional Director (step two), and—

ultimately—final appeal to the General Counsel (step three). See id. §§542.13-.15.

Defendants aver, in their statement of material facts, that Sanchez failed to exhaust any of the Eighth Amendment claims he is asserting in the instant civil action. (See Doc. 22 ¶¶5-17). They also proffer extensive evidence that Sanchez failed to exhaust his claims. Defendants first provide an affidavit from Unit Manager (and defendant) Corey Gipe, who attests that Sanchez did not file any administrative remedy related to the May 2021 events. (See Doc. 22-1 at 5 ¶15). In support of his affidavit, Gipe included an official copy of Sanchez's "Administrative Remedy Generalized Retrieval," showing that Sanchez failed to file any administrative remedies regarding the allegations in his complaint or, for that matter, for any occurrence in 2021. (See id. at 6 ¶17(d); id. at 11-14).

Defendants additionally provide the declarations of James Moroney (Sanchez's Unit Manager from May 11 to August 29, 2021), and Gregory Sones (Sanchez's Correctional Counselor from May 11 to August 29, 2021). (See id. at 16-17, 24-25). In those declarations, Moroney and Sones likewise aver that Sanchez failed to file a relevant administrative remedy, and further

attest that Sanchez never asked them for any remedy forms. (Id. at 16 ¶7, 16-17 ¶¶8-9; id. at 24 ¶4, 25 ¶¶8-9).

As explained above, Sanchez has failed to respond at all to Defendants' Rule 56 motion or the evidence Defendants have provided. Because Sanchez does not dispute Defendants' statement of material facts, those facts are deemed admitted.  See M.D. PA. LOCAL RULE OF COURT 56.1. Moreover, at summary judgment, Sanchez cannot rest on his pleadings. See Anderson, 477 U.S. at 248. Sanchez must support his claim(s) "by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). He has not done so.

In sum, Sanchez has utterly failed to carry his burden at summary judgment. The Court is thus constrained to grant Defendants' unopposed Rule 56 motion in its entirety.

## IV. CONCLUSION

The Court will grant Defendants' motion for summary judgment, (Doc. 20), as Sanchez has failed to exhaust his administrative remedies and has

- 8 -

likewise failed to oppose Defendants' Rule 56 motion.  An appropriate Order

follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 27, 2022**
21-0984-01